

# ORIGINAL

FILED IN CLERK'S OFFICE
U.S.D.C. - Newnan

MAR 1 3 2007

James N. Hatten, Clerk
By: Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

KATHY BOURQUE,                          :
                                        :    CIVIL ACTION
    Plaintiff,                          :
                                        :    FILE NO.
vs.                                     :
                                        :    3 07-CV-021 JTC
DALLAS A.  SMITH, JR., M.D.,            :
SOUTHEASTERN OVERREAD                   :
SERVICES, PLLC, and                     :
SOUTHEASTERN RADIOLOGY, P.A.,           :

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiff and files this Complaint for Malpractice Damages respectfully showing this Honorable Court the following:

## PARTIES & JURISDICTION

1.

This Honorable Court has jurisdiction pursuant to 28 U.S.C. § 1332 as there is complete diversity of citizenship between the Plaintiff and the Defendants and the Plaintiff is seeking damages in excess of seventy five thousand dollars. Venue is proper in this Court under 28 U.S.C. § 1391 because it is the judicial district in

Page 1 of 12

which a substantial part of the events or omissions giving rise to the claim occurred.

2.

Attached and incorporated by reference as Exhibit "A" is the affidavit of R. James Brenner, M.D., who is qualified as an expert witness on the issues raised in this Complaint.  Said affidavit specifies at least one negligent act or omission on the part of the defendants and the factual basis that underlies the negligent acts or omissions that resulted in  injuries to Kathy Bourque.

3.

Although Plaintiff does not believe that she is required to file an O.C.G.A.§ 9-11-9.2 Medical Authorization form, in an excess of caution, a signed Medical Authorization form is attached as Exhibit "B". The Plaintiff does not waive any rights she has under Federal HIPAA law by attaching this authorization.  Should anyone elect to use the Medical Authorization form in any way that violates HIPAA, they do so at their own peril.

4.

Defendant Dallas A.  Smith, Jr., M.D., (hereinafter "Dr.  Smith") is a United States citizen, is a physician who is domiciled in North Carolina, has a medical

license and practices in North Carolina, is a joint tortfeasor, and therefore is subject to the jurisdiction and venue of this Court.  On good faith and belief, Defendant Smith is domiciled in and is a resident of Guilford County, North Carolina, 27407, where he may be served.

5.

On good faith and belief, at the time of the events outlined in this Complaint, Dr. Smith was a duly licensed and practicing physician in the State of North Carolina, who, by virtue of reading mammogram films taken of Kathy Bourque in January of 2004 and January of 2005, undertook a physician/patient relationship with Kathy Bourque.

6.

At all times material hereto, Defendant Dr. Smith was acting within the course and scope of his employment with Defendant Southeastern Radiology, P.A. and/or Defendant Southeastern Overread Services, PLLC, and thus Defendants Southeastern Radiology, P.A. and/or Southeastern Overread Services, PLLC, are responsible for his negligent acts or omissions and any injuries and damages arising therefrom.

7.

Defendant Southeastern Radiology, P.A., (hereinafter "P.A.") is a corporation incorporated in a state other than Georgia, with its principle place of business in a state other than Georgia. Defendant P.A. does business in the State of Georgia, derives profits from doing business in Georgia, and is subject to the jurisdiction of this Court. Defendant P.A. may be served through its registered agent for service of process, Dallas A. Smith, Jr., M.D., in Guilford County, North Carolina, 27407.

8.

Defendant Southeastern Overread Services, PLLC, is a corporation incorporated in a state other than Georgia, with its principle place of business in a state other than Georgia. Defendant PLLC does business in the State of Georgia, derives profits from doing business in Georgia, and is subject to the jurisdiction of this Court. Defendant PLLC may be served through its registered agent for service of process, Charles T. Hagan, III, in Guilford County, North Carolina, 27407.

## FACTUAL BACKGROUND

9.

Kathy Bourque (hereinafter "Ms.   Bourque") had a routine screening mammogram done in 2002.  There were no areas of concern at that time.

10.

On or about January 7, 2004, Ms. Bourque had a repeat routine screening mammogram performed in the office of her OB/GYN Griffin Ob-Gyn Clinic, P.A., located in Griffin, Spalding County, Georgia.

11.

On good information and belief, Griffin Ob-Gyn had a contract with the Defendants for Defendants to read Griffin OB/GYN's mammogram films and issue reports regarding the results from North Carolina.

12.

The film report was dictated by Dr. Smith on or about January 19, 2004, and the report was transcribed on or about January 19, 2004.

13.

The mammogram showed architectural distortion, but there was no discrete mass.

14.

Dr. Smith read it as being without focal area of concern for carcinoma. He did not note the architectural distortion.

15.

Dr. Smith noted that computer assisted technology was used as an aid in interpretation of the study.

16.

A Duke study published in 2003 showed that computer assisted technology was insufficiently reliable to detect 50% of architectural distortions under current circumstances.

17.

On or about January 21, 2004, in reliance on this interpretation, Griffin OB/GYN sent a normal mammography report letter to Ms. Bourque.

18.

On or about January 18, 2005, another routine screening mammogram was again taken in the office of Griffin OB/GYN, and was again read and reported by the Defendants from North Carolina.

19.

This mammogram showed more prominent architectural distortion, with the possible development of an associated mass.

20.

Dr. Smith again read the film and documented that there was no change since 2004. He did not note or document a mass or architectural distortion.

21.

This report was dictated January 25, 2005 and transcribed on the same date.

22.

In reliance on the Defendants' report, Griffin OB/GYN again sent a normal mammography report letter to Ms. Bourque on or about January 27, 2005.

23.

On or about March 14, 2006, Ms. Bourque had another routine screening mammogram done at the office of Griffin OB/GYN. This time the report was not read by Defendants, but instead by Dr. Ronald Gay, MD.

24.

Dr. Gay read this March, 2006, film as noting architectural distortion and nodularity in the right upper quadrant. He considered the findings highly suggestive of malignancy.

25.

As reflected on the attached affidavit, review of the 2006 mammogram by R. James Brenner, M.D., confirmed the findings as suggestive of malignancy. There was a mass, estimated from the film to be 3 to 4 cm. in size.

26.

Ms. Bourque has been diagnosed with breast cancer.

27.

All defendants have acted negligently. As the direct and proximate cause and result of these negligent acts and omissions, there was a substantial delay in the diagnosis of Ms. Bourque's breast cancer.

## COUNT I.

## **MEDICAL NEGLIGENCE OF DR. SMITH**

### 28.

Plaintiff adopts and realleges paragraphs 1 - 27 of this Complaint as if fully set forth herein.

### 29.

During Dr. Smith's reading of Ms. Bourque's mammogram films, Dr. Smith was required to exercise that degree of care and skill ordinarily employed by physicians generally when reading mammogram films such as Ms. Bourque's under the same or similar circumstances as those that existed in January of 2004 and January of 2005.

### 30.

Dr. Smith deviated from the standard of care outlined in the immediately preceding paragraph in that he failed to exercise that degree of care and skill required by the medical profession, *inter alia,* by failing to correctly read the mammogram films of Ms. Bourque in 2004 and 2005.

31.

As a direct and proximate result of Dr. Smith's failure to exercise appropriate care during his reading of Ms. Bourque's mammogram films in 2004 and 2005, Ms. Bourque suffered a significant delay in the diagnosis of breast cancer.

WHEREFORE, Plaintiff respectfully demands judgment against this defendant in money damages in excess of $75,000 and costs of Court. Plaintiff demands a trial by jury. Plaintiff requests that this Court grant such other and further relief as is just and appropriate.

## COUNT II.

### **RESPONDEAT SUPERIOR OF CORPORATE DEFENDANTS**

32.

Plaintiff adopts and realleges paragraphs 1 - 31 of this Complaint as if fully set forth herein

33.

At all times material hereunto, Defendant Dr. Smith was acting within the course and scope of his actual or apparent employment or agency with Defendants

Southeastern Radiology, P.A., and/or Southeastern Overread Services, PLLC, and as his actual or apparent employer/principal, one or both of these corporate Defendants are liable for the negligent acts or omissions of Dr. Smith and any injuries and damages arising therefrom.

WHEREFORE, Plaintiff respectfully demands judgment against this Defendant in money damages in excess of $75,000 and costs of court. Plaintiff demands trial by jury. Plaintiff requests that the Court grant such other and further relief as is just and appropriate.

I certify that the originally executed document contains the signatures of all filers indicated herein and therefore represents consent for filing of this document.

Respectfully submitted,

WEBB, LINDSEY& WADE, LLC

James H. Webb, Jr
Bar No. 744275

Jonathan V. Wade
Bar No. 729697

Attorneys for Plaintiff
400 Westpark Ct. - Ste. 220
Peachtree City, Georgia 30269

Telephone:  (770) 631-1811
Fax:  (770) 631-1771
jwebb@webb-firm.com
jwade@webb-firm.com